IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

UNITED STATES OF AMERICA,

    Plaintiff,

v.                                          Civil Action No. 5:07CR18
                                                     (STAMP)
JAMES MANGANELLI,

    Defendant.

**MEMORANDUM OPINION AND ORDER
AFFIRMING AND ADOPTING REPORT AND
RECOMMENDATION OF MAGISTRATE JUDGE**

I.  Procedural History

On April 3, 2007, the defendant, James Manganelli, was named in a one-count indictment and forfeiture allegation charging him with being a felon in possession of a firearm in violation of 18 U.S.C. §§ 922(g)(1) and 924(a)(2). The defendant filed a motion to suppress the firearm and ammunition discovered by police officers during a search of the defendant's residence. The defendant also moves to suppress an incriminating statement that he allegedly made during custodial interrogation. The government filed a response in opposition. On June 7, 2007, United States Magistrate Judge James E. Seibert conducted an evidentiary hearing on this matter. On June 8, 2007, the magistrate judge entered a report recommending that the defendant's motion to suppress evidence be denied. Upon submitting this report, the magistrate judge informed the parties that, because trial is imminent, if they objected to any portion of his proposed findings of fact and recommendation for disposition

they must file written objections on or before June 14, 2007. The defendant timely filed objections.

Pursuant to 28 U.S.C. § 636(b)(1)(C), this Court is required to make a de novo review of those portions of the magistrate judge's findings to which objection is made. However, failure to file objections to the magistrate judge's proposed findings and recommendation permits the district court to review the recommendation under the standards that the district court believes are appropriate and, under these circumstances, the parties' right to de novo review is waived. See Webb v. Califano, 468 F. Supp. 825 (E.D. Cal. 1979). Because objections have been filed, this Court undertakes a de novo review.

## II. Facts

At approximately 1:08 a.m. on Saturday, January 6, 2007, a fire at the gift shop on 5 Bridge Street in Cameron, West Virginia, was reported to the Cameron Police Department. Following an initial investigation, arson was suspected.

Later in the day on January 6, Mr. Charles Okel, the proprietor of the Cameron Pharmacy which is located adjacent to the gift shop, contacted the Cameron Police Department. Mr. Okel indicated that he maintained a video surveillance system inside of his store which captured surveillance of a portion of Bridge Street. Mr. Okel further advised that he had reviewed the footage of Bridge Street that was recorded around the time the fire began

2

and that he believed the police should see the video. Lieutenant Chuck Holtz of the Cameron Police Department came to the pharmacy and viewed the video. Both Lieutenant Holtz and Mr. Okel believed that the video showed defendant Manganelli in the vicinity of the gift shop shortly before the fire.

Then, Cameron Police Officer James Matthews, who was investigating the arson, and another officer came to the pharmacy and also viewed the video. According to Officer Matthews, the footage showed a person with long gray hair and a gray beard walking back and forth on Bridge Street. The individual was also observed walking across the street and standing in the alcove of Miceli's restaurant. The person then walked out of the camera's view. Shortly thereafter, a small, white, four-door automobile drove past the gift shop. A short time later, smoke began appearing.

Later on January 6, Officer Matthews and other law enforcement officers drove to the defendant's residence to interview him. Upon arrival, the officer noticed a small, white, four-door vehicle which appeared to be the same vehicle that was seen on the surveillance video. Additionally, Officer Matthews noted that the defendant had long gray hair, a gray beard, and resembled the person in the surveillance video.

The defendant agreed to an interview and was given a Miranda warning. The officers inquired of the defendant's whereabouts on

3

Friday night (January 5, 2007) and early Saturday morning (January 6, 2007). The defendant responded that he went shopping in Moundsville, stopped at the Cameron Dragon Mart, and then went home without stopping elsewhere. The defendant asked why he was being questioned and the officers informed him that they were investigating a fire that occurred in Cameron. The defendant then stated that he had seen fire trucks while buying cigarettes at the Dragon Mart. When the officers advised him that the fire was at 1:00 a.m. and the Dragon Mart closed at 10:00 p.m., the defendant changed his statement and said that he did stop his car near the fire and was told by onlookers that the fire was electrical in nature. The defendant said that he did not leave his car. The officers then told the defendant that he had been observed outside of his car at the scene of the fire. The defendant then said that he had exited his car to watch the fire.

Following the interview, Officer Matthews presented an affidavit for a search warrant to Marshall County, West Virginia Magistrate William D. Anderson on January 7, 2007. Magistrate Anderson issued a search warrant for the defendant's residence. While executing the search warrant, the officer discovered a .22 caliber rifle in the defendant's residence. Because the officers believed that the defendant was a convicted felon, they returned to the magistrate who issued a second search warrant for firearms. On a second search of the residence, officers seized a .22 caliber

Marlin semi-automatic rifle and ammunition. The defendant was thereafter indicted for being a felon in possession of a firearm in violation of 18 U.S.C. §922(g)(1) and 924(a)(2).

III. Discussion

The defendant argues that the affidavit submitted to the magistrate by Officer Matthews contained material misrepresentations of facts essential to a probable cause determination. The defendant contends that such misrepresentations were made with reckless disregard for the truth and asserts that he is entitled to a hearing pursuant to Franks v. Delaware, 438 U.S. 154 (1978). The United States responds that the defendant is not entitled to a Franks hearing because there is no evidence that any misstatements contained in the affidavit were made with reckless disregard for the truth. The United States also argues that, assuming the affidavit contained false information, that the allegedly false information was not essential to a finding of probable cause.

A defendant is entitled to a Franks hearing on the facial validity of a warrant where the defendant makes a "substantial preliminary showing" that (1) a false statement in a warrant affidavit was made knowingly and intentionally, or with reckless disregard for the truth, Simmons v. Poe, 47 F.3d 1370, 1383 (4th Cir. 1995); and (2) the false information was essential to the probable cause determination. Id.; Franks v. Delaware, 438 U.S.

154, 155-56 (1978). The Fourth Circuit has long held that <u>Franks</u> protects the defendant against flagrant police actions designed to mislead the magistrate, or that are in reckless disregard of the truth. <u>Simmons</u>, 47 F.3d at 1384-85.

Following an evidentiary hearing on the motion to suppress, United States Magistrate Judge James E. Seibert determined that the defendant failed to meet the burden of showing that he is entitled to a <u>Franks</u> hearing. Magistrate Judge Seibert found that although the affidavit included small discrepancies, those errors were not made with reckless disregard for the truth. Further, Magistrate Judge Seibert found that ample evidence existed in the affidavit for a finding of probable cause even without the alleged inaccurate statements. This Court agrees.

It is well established that in order to issue a search warrant, the complaining officer must show probable cause. <u>Giordenello v. United States</u>, 357 U.S. 480, 486 (1958). Probable cause cannot be established by conclusory statements of the affiant's belief, but must detail at least some underlying circumstance upon which such belief is based. <u>Id.</u> The defendant objects to the report and recommendation by contending that if not for Officer Matthew's "reckless identification" of the defendant as being the individual in the surveillance tape, the police officers would never have gone to the defendant's home and probable cause to issue a search warrant may have been absent. Specifically, the

6

defendant contends that, although the affidavit states "[t]he person in the video was identified by Mr. Okel, Lt. Holtz and later by Patrolman S. White as a James Manganelli," those witnesses testified at the evidentiary hearing that they were not certain the individual in the video was the defendant.  Assuming, arguendo, that Officer Matthew's use of the word "identified" constituted a misstatement, the affidavit contained sufficient facts separate and apart from the witnesses' initial identification of the defendant as being the individual in the video to support a finding of probable cause.  Indeed, the affidavit reveals that a vehicle identical to the one captured on the surveillance video was parked at the defendant's residence.  Additionally, after receiving a <u>Miranda</u> warning, the defendant agreed to an interview at his residence in which the defendant admitted his presence at the scene of the arson and made numerous inconsistent statements about his actions and his reason for being there.  Thus, if the allegedly false statement that the witnesses "identified" the defendant upon viewing the surveillance video is redacted from the affidavit, ample evidence remains to support a finding of probable cause.

Additionally, the defendant objects to the conclusion of Magistrate Judge Seibert that Officer Matthews did not deliberately lie or make allegations in reckless disregard for the truth in his affidavit.  Magistrate Judge Seibert noted that the portion of the affidavit which states that the surveillance video showed an

7

individual "stop at the intersection of Bridge Street and Main Street pause after a moment while looking around and then walk back" is inaccurate because the video does not actually depict that specific behavior; rather, as Officer Matthews explained at the evidentiary hearing, to one familiar with the area of Cameron in the video, it is simply a logical inference that the individual in the video acted as described.  The defendant has presented no evidence that Officer Matthew's erroneous reference to the intersection of Bridge and Main was made intentionally or done in reckless disregard for the truth.  Further, whether the defendant stopped at the intersection and looked around is not a material detail in the affidavit.  Again, even if the defendant could prove that this misstatement was designed to mislead the state magistrate, the search warrant is still based on probable cause absent the offending language.  Accordingly, the defendant has failed to show that he is entitled to a hearing pursuant to Franks v. Delaware.

IV. Conclusion

Because, after a de novo review, this Court concludes that the magistrate judge's recommendation is proper and the defendant's objections to the report and recommendation lack merit, this Court hereby AFFIRMS and ADOPTS the magistrate judge's report and recommendation.  Accordingly, it is ORDERED that the defendant's

8

motion to suppress evidence pursuant to Franks v. Delaware be DENIED.

IT IS SO ORDERED.

The Clerk is DIRECTED to transmit a copy of this memorandum opinion and order to the defendant and counsel of record herein.

DATED:   September 4, 2007

                                              /s/ Frederick P. Stamp, Jr.
                                              FREDERICK P. STAMP, JR.
                                              UNITED STATES DISTRICT JUDGE